IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREG GRISWOLD,

                              Appellant,

  v.
                                                        OPINION & ORDER

BRENDA ZEDDUN, ROBERT T. KASDORF,                 15-cv-726-jdp
RICHARD D HUMPHREY,
and JUDGE ROBERT D. MARTIN,

                              Appellees.

---

This is appellant Greg Griswold's second recent appeal from a decision of the United States Bankruptcy Court for the Western District of Wisconsin related to a farm owned by Laura Ann Wierzbicki. Griswold's previous appeal arose from Wierzbicki's bankruptcy proceedings. The current appeal arises from Griswold's own bankruptcy. Griswold appeals orders relating to the lifting of the automatic stay to allow Wierzbicki's trustee to proceed with Griswold's eviction. I will affirm the bankruptcy court's decisions.

BACKGROUND

The parties have been involved in extensive litigation in both state and federal courts. I draw the following information from the dockets in this case, the previous bankruptcy appeals filed by appellant Griswold, and the underlying bankruptcy proceedings.

Greg Griswold and Laura Ann Wierzbicki are the unmarried parents of three minor children. Griswold and Brenda Zeddun, the trustee in Wierzbicki's bankruptcy, disputed ownership of a farm originally owned by Wierzbicki that she transferred to Griswold before filing for bankruptcy. In a September 15, 2015 order, I affirmed the judgment of the

Bankruptcy Court for the Western District of Wisconsin avoiding that transfer as a "constructive fraudulent transfer" under the Bankruptcy Code. *See Griswold v. Zeddun*, No. 14-cv-718 (W.D. Wis.).

In October 2015, Zeddun obtained a judgment for eviction and writ of restitution against Griswold in state court in an attempt to remove him from the farm. Griswold countered by filing his own voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on October 28, 2015. The next day, Zeddun filed a motion for relief from the automatic stay and a motion for expedited hearing on that motion, on the basis that the writ of restitution would expire November 4.

At a November 2, 2015, hearing, Bankruptcy Judge Robert D. Martin granted the motions for expedited hearing and for relief from automatic stay, and also denied a motion for his recusal raised by Griswold at the hearing. Griswold appeals all three of these rulings.

ANALYSIS

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1); the bankruptcy court's order lifting the automatic stay is an appealable final order. *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 n.1 (7th Cir. 2003) ("All courts that have considered the matter agree that an order lifting the automatic stay is a final judgment. . . . We see no reason to disagree with the other circuits."). I review the decision to lift the stay under the abuse-of-discretion standard, while noting that a court necessarily abuses its discretion when a decision is based on erroneous conclusions of law. *Id.* at 916. I review the bankruptcy court's conclusions of law under a de novo standard. *Id.*[1]

---

[1] Griswold also appeals Judge Martin's decision to hold an expedited hearing. But this is a

Under 11 U.S.C. § 362, the filing of a bankruptcy petition serves to stay many types of legal actions or the enforcement of various types of judgments against a debtor. But trustee Zeddun sought to lift the stay for purposes of Griswold's eviction. Section 362(b) details when a bankruptcy petition does not operate as an automatic stay; one such circumstance is when a lessor has a pre-petition judgment for possession of the property against the debtor. *See* 11 U.S.C. § 362(b)(22).[2] Judge Martin ruled as follows:

> [T]he only issue before me is one on which congress has expressed itself clearly and directly. What is sought here appears to me to be primarily a comfort order, but there's really no room for -- there's no discretion involved. The specific language of Section 362(b)(22) covers the fact, and . . . this hearing is essentially redundant. I do grant the motion because it's compelled by the language of the statute.

Dkt. 3, at 14.

---

routine matter within the bankruptcy judge's discretion to dispose of matters in the most efficient manner. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). Judge Martin did not abuse his discretion by hearing Zeddun's motion to lift the stay before the state-court writ of restitution expired.

[2] This section states that the filing of a bankruptcy petition does not apply to:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22). A debtor can overcome § 362(b)(22) by certifying that he can overcome any monetary default that gave rise to the eviction action and depositing rent that would be due in the next 30 days. *See* 11 U.S.C. § 362(*l*). Griswold does not suggest that he has satisfied this exception.

Zeddun persuasively argues that Griswold's appeal of the ruling regarding the stay should be dismissed because it is moot. Following Judge Martin's ruling, Griswold did not move for a stay of the ruling pending appeal in either the bankruptcy court or this court, and Zeddun completed eviction proceedings against him. And Griswold's bankruptcy case is now closed, for reasons unrelated to the stay; almost immediately after Judge Martin's ruling, Griswold moved to dismiss his bankruptcy petition. That motion was denied because the trustee was not certain that Griswold had no non-exempt assets. The case was later dismissed after the trustee concluded that Griswold's estate indeed had no non-exempt assets. *See* Dkt. 100 and 113 in the underlying bankruptcy case, *In re Griswold*, No. 15-13875-rdm (Bankr. W.D. Wis.). Griswold did not oppose this dismissal. So although Griswold asks for "all previous adverse rulings made by Judge Martin . . . [to] be now vitiated," Dkt. 4, at 44, it does not appear that granting Griswold the relief he seeks would do him any good.

Even if Griswold's claim regarding the stay was not moot, I would dismiss the appeal. Griswold has not shown that the granting of the lift-stay motion was at all improper, although I am not convinced that the reasoning for the underlying decision was correct. From my review of applicable statutes, it is not obvious that § 362(b)(22) should have applied to the relationship between Wierzbicki and Griswold. By the section's own terms, it applies to "residential property in which the debtor resides as a tenant under a lease or rental agreement," and Zeddun argued below that there was no lease or any other agreement for Griswold to live on the farm; he was essentially trespassing. This may be why Zeddun's brief in the bankruptcy court relied instead upon 11 U.S.C. § 362(d)(2), under which an automatic stay against an eviction proceeding may be lifted if the debtor does not have any equity in the property. *See In re Griswold*, Dkt. 8. But the substantive question whether §

4

362(b)(22), § 362(d)(2), or some other section should apply to the eviction proceedings is immaterial because Griswold did not challenge Judge Martin's application of § 362(b)(22) in either the bankruptcy court proceedings or in his brief to this court. Accordingly, he has waived this issue. *In re Kroner*, 953 F.2d 317, 319-20 (7th Cir. 1992) ("The law is clear, an issue not preserved for appeal is simply not reviewable regardless of the standard of review.").

Rather than argue the substantive merits of Judge Martin's rulings, Griswold argues that the decision to lift the stay should be reversed because of Judge Martin's bias against him. The bulk of Griswold's brief discusses why he believes Judge Martin should have recused himself, and he asks for a writ of mandamus forcing Judge Martin off all proceedings involving him. Griswold argues that Judge Martin abused his discretion by not providing detailed reasoning for his decision, he did not give Griswold a chance to present his case against Zeddun's motions, and his terse rulings against Griswold show his bias.

Even assuming that I could issue wide-ranging mandamus relief against Judge Martin within the context of this appeal, I would deny Griswold's request. Just as in his previous bankruptcy appeal in this court, Griswold believes that Judge Martin is biased against him but fails to provide a persuasive rationale for that belief.[3] Judge Martin has decided many issues against Griswold, but adverse rulings against a litigant do not create a reason for a judge's recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone

---

[3] *See Griswold*, No. 14-cv-718, Dkt. 14, at 18 ("Griswold believes that he should have been given an opportunity to be heard during the hearing on his motion for contempt, but Judge Martin determined that Griswold simply did not have standing to bring that motion in Wierzbicki's bankruptcy proceeding. That adverse ruling does not call into question Judge Martin's impartiality, even if Judge Martin expressed irritation with Griswold's attempts to insert himself into Wierzbicki's bankruptcy proceeding.").

almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."). That remains the case here.

Griswold's assertion that Judge Martin did not give him a chance to present his case at the hearing is belied by the transcript, which shows that Griswold was given a chance to address Zeddun's motion for an expedited hearing and the motion to lift the stay. Judge Martin tersely denied Griswold's oral motion for his recusal, but that comes nowhere close to showing that Judge Martin was biased against him. Rather, Judge Martin's summary denial of the motion to recuse is understandable given Griswold's repeated efforts to seek recusal in this and previous litigation. As for the ruling on the motion to lift stay, Judge Martin provided his reasoning: he believed that the result was compelled by the language of § 362(b)(22). Griswold disagrees with the outcome but does not raise any substantive argument against it.

ORDER

IT IS ORDERED that:

1. The bankruptcy court's November 2, 2015, orders granting appellee Brenda Zeddun's motions for an expedited hearing and to lift stay, and order denying appellant Greg Griswold's motion for recusal, are AFFIRMED.

2. The clerk of court is directed to close this case.

Entered June 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge